### SCHREIBER v. STERN et al.

(Supreme Court, Appellate Division, First Department. April 4, 1913.)

1. MECHANICS' LIENS (§ 147*)—NOTICE—DEFECTS—EXCESSIVE CLAIM.

A claim of lien for over $2,600 in a notice of lien, when less than $800 was really due, would be fatal to the validity of any lien.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. · § 253; Dec. Dig. § 147.*]

2. APPEAL AND ERROR (§ 1177*)—DISPOSITION OF CASE ON APPEAL—NEW ·TRIAL.

Where, in a suit to foreclose a mechanic's lien, the proof of delivery and value of materials was unsatisfactory, and the court. found that $1,500 was due on an installment, and also that only $772.97 was due, the court, on appeal by both parties, could not, under Code Civ. Proc. § 1317, ·render a proper judgment, but must order. a new trial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4597–4604, 4606–4610; Dec. Dig. § 1177.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Trial Term, New York County.

Action by Rose Schreiber against Louis Stern and another. From a judgment foreclosing a mechanic's lien, both parties appeal. Reversed, and new trial ordered.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Bernard H. Arnold, of New York City, for plaintiff.

Morrison & Schiff, of New York City (Jacob R. Schiff, of New York City, of counsel), for defendants.

CLARKE, J. Plaintiff's assignors, L. Lewinthan & Son, were manufacturers of doors, sashes, blinds, moldings, and general house trim. Defendant Stern owned a plot of land on Simpson street, in the borough of the Bronx, upon which he was erecting four houses. On September 10, 1906, they entered into a written contract under which Lewinthan & Son agreed to furnish certain material to be used in the erection of the said four new buildings for the agreed price of $12,900, to be paid in installments—"$1,000 when the sash is delivered in all the houses," "$2,600 when all the standing trim is delivered," "$1,800 when all the hanging closets and wardrobes are delivered," etc. On January 25, 1907, the defendant Stern gave written notice to L. Lewinthan & Son as follows:

"We beg to notify you, in accordance with our contracts, that unless you, within three days from the receipt of this notice, deliver to our four buildings in Simpson street * * * all of the trim work called for by our contract, * * * we shall deem that you have abandoned said contracts, and shall enter into new contracts for the same and the expense thereof shall be charged to your account. * * *"

On April 26, 1907, L. Lewinthan & Son filed a notice of lien setting forth:

"(4) The material furnished was sash, doors, trim, moldings, base, closets, boards, wood, casings, wardrobes, glazed sash, jambs, shelves. The material to be furnished is sash, doors, trim, moldings, base, casings, shelves, boards, wood, according to contract made September 10, 1906, with Louis Stern & Co., the price and value of all materials being $12,900. The agreed price and value of certain material delivered is $4,757.75.

"(5) The amount unpaid to the lienor for such material delivered is $2,657.75.

"(6) The time when the first items of material were furnished is November 30, 1906, and the time when the last items of material were furnished was January 29, 1907."

The court made, inter alia, the following findings:

"(8) That the said L. Lewinthan & Son had delivered all the sash in all the houses, and that thereupon they became entitled to receive the first payment of $1,000.

"(9) That L. Lewinthan & Son delivered all the standing trim, and thereupon they became entitled to receive from the defendant Stern the second payment of $2,600, making a total together with the first payment of $3,600.

"(10) That the defendant Stern paid the said L. Lewinthan & Son the first payment of $1,000.

"(11) That the said defendant failed, refused, and neglected to pay the said second payment of $2,600, except that he paid the sum of $1,100 on account thereof, leaving a balance of $1,500, part of the second payment, remaining unpaid."

If the decision had stopped there, it is apparent there would have been sufficient to justify a judgment for $1,500 as the balance due on the second payment provided for in the contract, earned, but not paid. But the learned court further found:

"(13) That between the 20th of November, 1906, and the 20th of January, 1907, the said L. Lewinthan & Son, at the special instance and request of the defendant Stern, applied and furnished to the defendant Stern certain trim, doors, moldings, and other trim work, * * * which were of the fair and reasonable value of the sum of $2,872.97.

"(14) That no part of the said sum of $2,872.97 has been paid, except the sum of $2,100, leaving a balance of $772.97 due and owing from the defendant Stern to the said L. Lewinthan & Son."

"(18) That the defendant Stern refused to pay the balance of the second payment, which became due and payable to the said L. Lewinthan & Son, and that he defaulted in the payment of the balance of the said second payment.

"(19) That by reason of the premises, at the time of the filing and docketing of the mechanic's lien as hereinafter set forth, * * * there was due and unpaid * * * on account of the aforementioned contract, for materials furnished and delivered to the said premises, the sum of $772.97, no part of which has been paid although duly demanded."

And as conclusions of law:

"That upon the default of the defendant Louis Stern to pay to the said L. Lewinthan & Son the sum of $1,500, being the balance of the second payment which became due and payable under the terms of said contract, the said L. Lewinthan & Son had a lawful right to stop all further delivery of materials set forth and enumerated under said contract, if they chose to do so, until such sum was paid. * * *

"Seventh. That on the 26th day of April, 1907, the said L. Lewinthan & Son had a good and valid lien upon the lands and premises described in the complaint in this action, to the amount of $772.97, and thereafter became and were entitled to enforce the said lien against the said premises according to law, and that the same was a valid and subsisting lien thereon on the 22d of May, 1907, the date when the said lien was discharged by an order of the Supreme Court, * * * by the filing of the bond duly executed by the defendant American Bonding Company of Baltimore."

And judgment was entered accordingly for the amount found due, together with interest, amounting to $1,020.32.

The plaintiff appeals from the judgment, claiming that she was entitled to a judgment for $1,500, the balance due on the second payment, together with interest from the time the second payment became due. The defendant appeals upon the ground that no lien at all was established, because the amount claimed in the lien was $2,657.75, and the amount found due was $772.97, and further that the findings are unsupported by the evidence, and that no amount was due on the second payment, because all the trim provided for to entitle plaintiff to the second payment had not been furnished. It admits that all the window sash which had been provided for for the first payment had been furnished and was paid for.

It would serve no useful purpose to discuss the evidence. The proof of delivery and value was extremely unsatisfactory. Shipping tickets, marked for identification, and about which testimony was given, are not in evidence or contained in the record. Plaintiff claims all the trim was delivered. Defendant claims none at all was delivered for two

out of the four houses. One of defendants' witnesses, comparing the amounts alleged to be shown to have been delivered by the shipping tickets, not in the record, with the plans and specifications, likewise not in the record, testifies to a very large deficiency.

[1] The findings of the learned court are absolutely contradictory. The fact that he finds only $772.97 due, after having found previously that $1,500 was due on the second payment, would seem to establish that all the standing trim had not been delivered. How the figures, $772.97, are arrived at, is not disclosed. If that is all that was due, it seems to me that the lien cannot be held to be good. A difference between $772.97, as found, and the amount claimed in the notice of lien, $2,657.75, destroys the validity of the lien. The counsel for the plaintiff, after urging an increase in the amount of the judgment to $1,500, with interest, for which amount there could be no lien under the notice filed, states in his brief:

"If, however, this court should be disinclined to modify the judgment, I respectfully submit that, rather than to be subjected to the expense and the burden of a new trial, I prefer that the judgment should be affirmed as granted by the court below."

[2] Upon this record the making of any judgment by this court under section 1317 of the Code of Civil Procedure would not be warranted. Reluctant as we are to direct a new trial in a mechanic's lien case, the findings are so contradictory, the evidence is so unsatisfactory, that there is nothing to do, except to reverse the judgment and order a new trial. The plaintiff may be entitled to a personal judgment for some sum, but the amount thereof cannot be determined on this record.

The judgment should be reversed, and a new trial ordered, but, as both parties appeal, without costs in this court. All concur.